IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER J. MAIKE,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

Case No. 3:16-cv-427

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
MICHAEL J. NEWMAN

---

DECISION AND ENTRY SUSTAINING MOTION TO REMAND OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY (DOC. #10); JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF CHRISTOPHER J. MAIKE AND AGAINST THE DEFENDANT COMMISSIONER, REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; TERMINATION ENTRY

---

Plaintiff Christopher J. Maike ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On March 9, 2017, the Commissioner filed a Motion for Remand ("Motion"), Doc. #10, asking that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed as not supported by substantial evidence, and remanded to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Plaintiff opposes the Commissioner's Motion in part, arguing that the captioned cause should be remanded for an immediate payment of benefits. Doc. #11, PAGEID #2691. In support, he notes that the Commissioner's previous finding that Plaintiff was not disabled was reversed and remanded by this Court because of the Administrative Law Judge's ("ALJ") failure to follow the Commissioner's regulations in deciding to afford little weight to the opinions of Plaintiff's treating physicians. *Id.*; *see also* Doc. #7-2, PAGEID #2007 (Report and Recommendations of Chief Magistrate Judge Sharon L. Ovington, adopted by this Court, concluding that "the ALJ failed to properly consider the opinions of Plaintiff's treating physicians."). Plaintiff argues that, after rehearing, the ALJ "disregarded this Court's Remand Order and rejected no [fewer] than five treating source opinions." *Id.* He claims that, pursuant to the treating physician rule in effect for claims filed prior to March 27, 2017, 20 C.F.R. § 404.1527(c)(2): (a) those opinions were entitled to controlling or deferential weight; and (b) if the limitations opined by those treating sources are adopted, then the evidence of Plaintiff's inability to work on a full-time basis would be overwhelming. Thus, he argues, remand for an immediate award of benefits is proper. *Id.*, PAGEID #2691-92 (citing *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)).

The Court agrees with the parties that, upon remand, the ALJ failed to properly weigh the treating source opinions. Nonetheless, the ALJ did provide <u>some</u> reasons (*e.g.*, there was a lack of consistency between treatment findings and opined limitations; opined limitations were belied by other evidence of record) supporting the decision to discount those opinions. Doc. #7-1, PAGEID #1844-45. Moreover, the opinions of the Commissioner's examining and record-reviewing sources, while not necessarily entitled

2

to as much weight as those of treating sources, provide more than *de minimis* evidence to support a finding of non-disability. *Id.*, PAGEID #1837-38. Under this Court's governing law, the case must be remanded for further proceedings, rather than an award of benefits. *Faucher*, 17 F.3d at 176.

WHEREFORE, based upon the aforesaid, the Commissioner's Motion for Remand, Doc. #10, is SUSTAINED. Judgment shall enter in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with this Entry.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 4, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE